**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Palm Beach Division**

------------------------------------------------------------------X

**KERRY SACHS, RICHARD MACHT,
AARON GORDON, ADAM PATTERSON,
PAUL RICHARD, RICHARD WAXMAN,
GARY DOTY and BLAKE H. RYAN,
Individually and on Behalf of All Others
Similarly Situated,**

        **Plaintiffs,**

           **v.**

**BANKERS LIFE AND CASUALTY COMPANY,
a foreign corporation, and SCOTT R. PERRY,
individually and in his capacity as President of
BANKERS Life and Casualty Company,**

        **Defendants.**

------------------------------------------------------------------X

      **CASE NO.:**

      **ECF CASE:**

## <u>COMPLAINT</u>

     Plaintiffs KERRY SACHS, RICHARD MACHT, AARON GORDON, ADAM

PATTERSON, PAUL RICHARD, RICHARD WAXMAN, GARY DOTY, and BLAKE

H. RYAN (hereinafter "**PLAINTIFFS**"), individually, and on behalf of all others

similarly situated, by and through their undersigned counsel, for their Complaint against

Defendants, BANKERS LIFE AND CASUALTY COMPANY (hereinafter

"**BANKERS**"), SCOTT R. PERRY, individually and in his capacity  as President of

BANKERS (hereinafter "**PERRY**") (Defendants **BANKERS** and **PERRY** are referred

to hereinafter collectively  as "Defendants"), and state as follows:

## JURISDICTION AND VENUE

1.    Plaintiffs bring this action under the Fair Labor Standards Act (hereinafter the "FLSA"), 29 U.S.C. §§ 201 et seq., and the Florida Minimum Wage Act, Fla. § 448.110 (hereinafter the "FMWA"), on behalf of themselves individually, and on behalf of: A. similarly situated persons who opt in to join in this action after notice, as provided for in the FLSA (the "FLSA Collective Plaintiffs") ; and, B. a class of similarly situated persons employed in Florida by Defendants in the same positions as the Plaintiffs who claim under the FMWA which are the same as the Plaintiffs (the "Florida Class").

2.    The Court has jurisdiction over Plaintiffs' FLSA claims against the Defendants based upon Section 16(b) of the FLSA, 29 U.S.C. §16(b), and 28 U.S.C. §1331.

3.    The Court has supplemental jurisdiction over Plaintiffs' statutory FMWA state law claims pursuant to 28 U.S.C. §1367(a) because the Plaintiffs' claims under the FMWA are so related to their FLSA claims that they form part of the same case or controversy.

4.    Venue in this district is appropriate under 28 U.S.C. §1391(b) (2) because a substantial part of the events and conduct giving rise to these claims occurred in this district.

## PARTIES

5.    Plaintiffs are former insurance agents who were employed by Defendants and who have been subjected to Defendants' illegal compensation practices.

6.    Plaintiffs were employed by Defendants as insurance agents in Palm Beach County, Florida within the last three years.

7.      Pursuant to 29 U.S.C. §216(b) of the FLSA, each of the Plaintiffs have provided written consent to become a party plaintiff in this action, and copies of those written consents are attached hereto as Certifications immediately following the Cover Sheet and two Summons.

8.      Defendant **BANKERS** provides insurance services to consumers in the State of Florida and elsewhere.

9.      At all times relevant to this action, **BANKERS** has been an employer under the FLSA and Plaintiffs (and members of the FLSA Collective Plaintiffs and the Florida Class) were employed by Defendants within the meaning of Fla. Const. Art. X, § 24 and Fla. Stat. § 448.110.

10.      Defendant **PERRY** has been the President of **BANKERS** since February, 2002, and thus the President and most senior manager of **BANKERS** at all times relevant to this action.  As such and upon information and belief, **PERRY** exercised strict supervision and operational control over significant  business functions at **BANKERS,** including the policies and practices that determined employee salaries, made hiring and firing decisions, and acted on behalf of and in the interest of **BANKERS** in devising, directing, implementing, and supervising the  clearly defined wage and hour practices and policies relating to **BANKERS'**  insurance agents , including the named Plaintiffs and other similarly situated insurance agents. As such, at all relevant times, PERRY has been an **employer** under the FLSA and the FMWA.

11.      This Court has personal jurisdiction over each Defendant under Fla. Stat. § 48.193, and as a result of, *inter alia*, the following during the relevant time period:

(a)     **BANKERS** has continuously, regularly, purposively, and systematically operated, engaged in, or carried on a business and has otherwise been present within the State of Florida  and has therefore availed itself of the legal privileges of doing business within the State of Florida, by, *inter alia*, maintaining, possessing, and operating offices within Florida, selling insurance goods and services within the State of Florida to Florida residents and others, and entering into agent contracts with individuals (including insurance agents) within Florida to provide employment services at its Florida offices.

(b)     The statutory violations alleged herein against Plaintiffs and similarly situated insurance agents have arisen directly from and are substantially related to **BANKERS'** transacting of business and contracting within Florida.  Namely, as explained herein, **BANKERS,** *inter alia,* contracted with, employed, and otherwise did business with Plaintiffs and the other similarly situated insurance agents at **BANKERS'** Florida offices.

(c)     **BANKERS** and **PERRY** have willfully and maliciously committed the statutory violations alleged herein against Plaintiffs and the other similarly situated insurance agents who have worked at **BANKERS'** Florida offices, and have caused such individuals and insurance agents to suffer lost wages and overtime payments, and reasonably knew or should have known and should have reasonably expected them to suffer such harm, within the State of Florida. **BANKERS**  has also regularly done and

solicited business within Florida and derived substantial revenue from goods used and consumed, and services rendered, within Florida.

**BANKERS** has further, upon information and belief, possessed real property within Florida and has derived substantial revenue from conducting its business in interstate commerce.

(d) **PERRY**, on behalf of **BANKERS** and through his exercise of operation and control over **BANKERS** and the Plaintiffs and others similarly situated, has actively contributed to the harm suffered by the Plaintiffs and the similarly situated insurance agents within the State of Florida.

(e) Each Defendant, individually and in concert with **BANKERS**' Florida offices has committed tortuous acts within the State of Florida relating to the subject lawsuit.

(f) Defendants have contracted to insure a person, property, or risk located within the State of Florida at the time of contracting.

## BACKGROUND OF THE PARTIES' RELEVANT RELATIONSHIPS

12. Defendant **BANKERS** is an approved and licensed insurance corporation that has conducted and continues to conduct business within the State of Florida and elsewhere.

13. Plaintiffs and all other similarly situated persons are insurance agents who are or were formerly employed by **BANKERS** in Florida.

14. All insurance agents employed by **BANKERS** during the statutory period had essentially the same job duties and functions.

15.     Pursuant to **BANKERS'** employment agreements with Plaintiffs and all other similarly situated persons, the primary duty of Plaintiff insurance agents was to solicit insurance policies and related business within the State of Florida.

16.     Defendants managed Plaintiffs and other similarly situated insurance agents' employment, including the required amount of overtime worked.  Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies of **BANKERS**.

17.     Defendants' wage and hour practices and policies are not within the four corners of Plaintiffs' Agent Contracts or the Agent Contracts of other similarly situated insurance agents, because, in Paragraph Four (4) of the Agent Contract, **BANKERS** unlawfully and illegitimately labeled its agents **"independent contractors"**[1] rather than as **employees** which is what they actually and de facto were.

18.     As per Defendants' wage and hour practices and policies, Plaintiffs and all other similarly situated insurance agents, did not receive a weekly guaranteed salary of $455.00.

19.     In particular, **BANKERS'** **"**Agent" Contract states, Paragraph Nine (9) that insurance agents will be compensated in commission benchmarks, which were subject to immediate and unilateral changes by **BANKERS,** at its sole discretion whenever it decided to completely alter Plaintiffs' and all similarly situated insurance agents' compensation, as well as what lines of insurance products could or could not be sold by Plaintiffs and all other similarly situated insurance agents.

---

[1]  The use of this practice to avoid paying federal and state payroll taxes and worker compensation payments, as well as wage hour laws and immigration compliance has become so widespread that the IRS recently announced a voluntary program for companies to become compliant by properly characterizing their employees. *See"* Daily Business Review", 11/2/2011 at A4 (a copy of which is attached hereto as Exhibit A).

20.     At all relevant times, Plaintiffs and all other similarly situated insurance agents have routinely worked in excess of 40 hours per week, but have not received overtime compensation.  Plaintiffs and the other similarly situated insurance agents were variously required to arrive early, work late, work on weekends and attend staff meetings, all without overtime or any compensation.

21.     Additionally, Plaintiffs and all other similarly situated insurance agents were not paid the applicable minimum wage agreed upon but instead were made to rely on commission payments only.

22.     Plaintiffs and all the other similarly situated insurance agents were unlawfully not properly paid overtime for hours worked in excess of 40 hours per week.

23.     During the statutory period, the named Plaintiffs and similarly situated insurance agents routinely worked hours for which they were unlawfully not paid the requisite minimum wage.

24.     Neither Plaintiffs nor the similarly situated insurance agents were directed or required to record their time worked, and Defendants unlawfully failed to maintain accurate time records to document the hours that the Plaintiffs and other similarly situated insurance agents worked.

## GENERAL ALLEGATIONS

25.     Plaintiffs reassert and reallege the allegations set forth in paragraphs 1 through 24 as though fully set forth hereinagain at length.

26.     Plaintiffs individually, and on behalf of all similarly situated current and former insurance agents who opt to join in this action after notice, bring this action as a collective action under the FLSA to recover, *inter alia*, unpaid minimum wages and

overtime compensation and statutory penalties, **including reasonable attorneys' fees**, owed to Plaintiffs and all other similarly situated insurance agent employees employed by **BANKERS** who opt to join this action.

27.    Defendants' failure to pay Plaintiffs' and all other similarly situated employees' minimum wages generally and/or overtime compensation when these employees worked in excess of 40 hours per week has violated the FLSA and the FMWA.

28.    Defendants have failed to pay minimum wages and/or overtime compensation to Plaintiffs and other similarly employees during their employment by intentionally, willfully, and improperly designating the position of insurance agent as exempt from overtime requirements.

29.    As a result of this unlawful practice, Plaintiffs and the similarly situated insurance agents have suffered a material loss of wages that they would otherwise be entitled to receive and for which they seek recovery.

## COLLECTIVE ACTION ALLEGATIONS OF
## THE FLSA CLASS OF INSURANCE AGENTS

30.    Plaintiffs reassert and reallege the allegations set forth in paragraphs 1 through 29 as though fully set forth hereinagain at length.

31.    Plaintiffs seek to proceed as a collective action with regard to the first Prayer for Relief, pursuant to 29 U.S.C. §216(b) on behalf of themselves and the following class of persons:

> All persons who worked at a Florida office of **BANKERS** at any time from three years prior to the filing of this action to the entry of judgment in this action and who have given their consent, in writing, to become party plaintiffs (hereinafter the "FLSA Class").

32.     Plaintiffs and other members of the FLSA Class are similarly situated inasmuch as, *inter alia*, they have all had similar duties, performed similar tasks, been subjected to the same requirements under the FLSA to be paid overtime wages unless properly exempted thereunder which the subject plaintiffs were not, been subjected to similar pay plans, been required to work and have worked in excess of 40 hours per week, and have not been remitted overtime compensation for all overtime hours worked.

33.     Contrary to applicable law Defendants have encouraged, permitted, and **required** Plaintiffs and the similarly situated insurance agents to work more than 40 hours per week without providing overtime compensation.

34.     Defendants have known that Plaintiffs and the similarly situated insurance agents have performed work that has required overtime compensation.  Nonetheless, Defendants individually and in concert with other offices have operated under a scheme to deprive Plaintiffs and the other members of the FLSA Class of overtime compensation which defendants have willfully and maliciously refused to pay by failing to properly compensate them for all time worked despite repeated demands that Defendants do so.

35.     Defendants' conduct, as alleged herein, has been willful and malicious and has caused significant monetary damage to Plaintiffs and the other similarly situated insurance agents.

**COUNT I**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938**
**29 U.S.C. §201 ET SEQ.**
**FAILURE TO PAY MINIMUM WAGES**

36.     Plaintiffs reassert and reallege the allegations set forth in paragraphs 1 through 35 as though fully set forth hereinagain at length.

9

37.     The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

38.     Defendants routinely and regularly failed to pay class members the applicable minimum wage, in violation of 29 U.S.C. §206(a).

39.     Defendants had written into Plaintiffs' and the similarly situated insurance agents' Agent Contracts that the insurance agents were allegedly "independent contractors," and, as such, the class members were not provided with the applicable minimum wage.

40.     As a result of Defendants' unlawful practices, Plaintiffs and the similarly situated insurance agents suffered a substantial loss of wages.

**COUNT II**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938**
**29 U.S.C. §201 ET SEQ.**
**FAILURE TO COMPENSATE FOR OVERTIME**

41.     Plaintiffs reassert and reallege the allegations set forth in paragraphs 1 through 35 as though fully set forth hereinagain at length.

42.     The FLSA regulates the format for the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

43.     Defendants were and are subject to the overtime pay requirements of the FLSA because Defendant **BANKERS** is an enterprise engaged in commerce and its employees are engaged in commerce.

44.     At all times relevant to this action, Plaintiffs and the similarly situated insurance agents have been entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq*.

45.     Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one half times the employee's regular rate of pay, for all hours worked in excess of 40 per week.

46.     By the above-alleged inappropriate and unlawful conduct, Defendants have violated the FLSA by failing to pay members of the FLSA Class overtime compensation as required by the FLSA.

47.     Section 13 of the FLSA, 29 U.S.C. §213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.  However, none of the Section 13 exemptions apply to Plaintiffs or the similarly situated insurance agents because, *inter alia*, they have not been paid a guaranteed salary of at least $455.00 per week, they have not been paid minimum wage plus commission where commission amounts to more than half of their salary and they earn at least one and one half times the applicable minimum wage, and they do not otherwise meet the requirements for coverage under the statutory provided for exemptions.

48.     Plaintiffs and the similarly situated insurance agents are victims of a uniform company and office-wide compensation policy.  This uniform policy, in violation of the FLSA, has been applied to all members of the FLSA Class and has deprived them of overtime compensation all to their financial detriment.

49.     Alternatively, Plaintiffs and the similarly situated insurance agents are victims of equivalent breaches by Defendants of the terms of Plaintiffs' purposefully mischaracterized by Defendants as "Agent" Contracts with **BANKERS.**  These equivalent breaches, in violation of the FLSA, have been applied to all members of the FLSA Class and have deprived them of overtime compensation.

50.     Upon information and belief, in the course of perpetrating these unlawful practices, Defendants have willfully failed to keep accurate time records of all hours worked by the FLSA Class insurance agents.

51.     Defendants have acted willfully and maliciously and have either known that their conduct violated the FLSA or have shown a reckless disregard for the matter of whether their conduct violated the FLSA.  Defendants have willfully and with specific intent not acted in good faith with respect to the misconduct alleged herein.

## THE FORIDA MINIMUM WAGE ACT CLASS ALLEGATIONS

52.     Plaintiffs also seek to maintain this action as a class action, pursuant to Fed. R. Civ. P. 23(b)(3), on behalf of themselves individually and all other similarly situated employees who, during the relevant statute of limitations period, have worked as insurance agents at a **BANKERS'** offices in Florida, with respect to the claims pleaded in Counts III and Count IV of this Complaint (the"Florida Class"), defined as:

> All persons who have worked as insurance agents at a **BANKERS'** office in Florida within the State of Florida, at any time from six years prior to the filing of this Action to the entry of judgment in this Action (hereinafter the "Florida Class").

53.     Fed. R. Civ. P. 23(b)(3) provides that a cause of action may be maintained as a class action if the following elements are met:

(a)     The class is so numerous that joinder of all members, whether otherwise required or permitted, is impracticable;

(b)     There are common questions of law or fact which predominate over and questions affecting only individual members;

(c)     The claims or defenses of the representative parties are typical of the claims or defenses of the class;

(d)     The representative parties will fairly and adequately protect the interests of the class; and

(e)     A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

### A. Numerosity

54.     Plaintiffs satisfy the numerosity requirements, as the proposed class consists of all insurance agents presently or formerly in the employ of BANKERS at the above-referenced offices, offices with over  70  employees.  Therefore, the class is so numerous that joinder of all members is impracticable.

55.     The proposed class can be identified and located using BANKERS' payroll and personnel records.  Class members may be informed of the pendency of this action by direct mail and/or published and broadcast notice.

### B. Common Questions of Fact or Law

56.     There are questions of fact and law, common to each class member, which predominate over any questions affecting only individual members.  The questions of fact and law common to each class member arising from Defendants' actions include, but are not limited to, the following:

(a)     Whether the class members have qualified for exempt status;

(b)     Whether the class members were employees of **BANKERS;**

(c)     Whether Defendants conducted an analysis of class members'
compensation before failing to pay them overtime compensation;

(d)     Whether Defendants conducted an analysis of class members'
duties and tasks before failing to pay them overtime;

(e)     Whether insurance agents have been uniformly classified as
exempt from overtime requirements;

(f)     Whether insurance agents have been uniformly denied minimum
wage payments;

(g)     Whether BANKERS has routinely breached its "Agent"
employment Contracts with its insurance agents, depriving them of
compensation less than the minimum wage on weeks when
Plaintiffs and similarly situated insurance agents worked less than
40 hours;

(h)     Whether Plaintiffs and class members have regularly worked in
excess of 40 hours per week;

(i)     Whether Plaintiffs and class members have been expected or
required to work in excess of 40 hours per week;

(j)     Whether Defendants' policies or practices have violated the
overtime provisions of the Florida Minimum Wage Act;

(k)     Whether Defendants' failure to pay overtime has been willful and
malicious.

14

(l)    Whether Defendants' failure to pay insurance agents the minimum wage has been willful;

(m)    Whether Plaintiffs and members of the class have suffered damages, along with what the proper remedy for those damages might be.

57.    The questions set forth above predominate over any questions affecting only individual members of the Florida Class.  With respect to considerations of consistency, economy, efficiency, fairness, and equity, a class action is superior to all other available methods for the fair and efficient adjudication of the controversy.

**C. Typicality**

58.    Plaintiffs' claims are typical of the claims of the proposed class members. As a result of Defendants' unlawful conduct, the named Plaintiffs suffered similar injuries as those suffered by other members of the respective class which they seek to represent.

**D. Adequacy**

59.    Plaintiffs are adequate representatives of the class they seek to represent because they are members of such class, and their interests do not conflict with the interests of the members of the class they seek to represent.  The interests of the class members will be fairly and adequately protected by Plaintiffs and their undersigned counsel.  Plaintiffs have hired competent attorneys who are experienced in class action litigation of this type and who are committed to the prosecution of this Action.

**E. Superiority**

60.     A class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impracticable. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense if these claims were brought individually.

61.     Moreover, as the damages suffered by each class member may be relatively small, the expenses and burden of individual litigation would make it difficult for plaintiffs to bring individual claims.

62.     The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants and/or substantially impair or impede the ability of class members to protect their interests.

## COUNT III
## FAILURE TO PAY MINIMUM WAGES UNDER FLORIDA STATUTES

63.     Plaintiffs reassert and reallege the allegations set forth in paragraphs 1 through 29 and 52 through 62 as though fully set forth hereinagain at length.

64.     At all times relevant to this Action, Plaintiffs and the Florida Class were employed by Defendants within the meaning of Fla. Const. Art. X, § 24 and Fla. Stat. § 448.110.

65.     Defendants willfully and maliciously failed to pay Plaintiffs and the Florida Class at the applicable minimum hourly wage, in violation of the Florida Minimum Wage Act, Fla. Stat § 448.110.  As a result of Defendants' unlawful practices, Plaintiffs and the Florida Class have suffered a loss of wages.

66.     Pursuant to Fla. Stat. § 448.110(6)(c), Plaintiffs and the Florida Class are entitled to the full amount of any unpaid back wages withheld, the same amount as liquidated damages, along with their reasonable attorney's fees and costs.

## COUNT IV
## FAILURE TO PAY WAGES

67.     Plaintiffs reassert and reallege the allegations set forth in paragraphs 1 through 29 and 52 through 62 as though fully set forth hereinagain at length.

68.     At all times relevant to this Action, Plaintiffs and the Florida Class were employed by Defendants, who did not pay Plaintiffs and the Florida Class the full amount of their wages, including but not limited to overtime and unpaid commissions.[2]  As a result of Defendants' unlawful practices, Plaintiffs and the Florida Class have suffered a material loss of wages.

69.     Pursuant to Fla. Stat. § 448.08, Plaintiffs are entitled to their reasonable attorney's fees and costs in addition to their monetary losses.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, by and through their undersigned attorneys, demand judgment against Defendants, jointly and severally and in favor of Plaintiffs and all others similarly situated, for a sum that will properly, adequately, and completely compensate Plaintiffs and all others similarly situated for the nature, extent, and duration of the damages, costs of this Action, and as follows:

---

[2] Unpaid commissions are considered unpaid wages.  Hingson v. MMI of Florida, Inc., 8 So.3d 398, 401 (Fla. 2d DCA 2009).

A.      Order the Defendants to file with this Court and furnish to

Plaintiffs' counsel a list of all names and addresses of all insurance

agents who currently work for or who have worked for Defendants

in the Defendants' Florida offices within the last three years;

B.      Authorize Plaintiffs' counsel to issue a notice at the earliest

possible time to all current and former insurance agents employed

by the Defendants in the Defendants' Florida offices during the

three years immediately preceding the filing of this Action,

informing them that this Action has been filed,  the nature of the

Action, and of their right to opt into becoming a party to this

lawsuit if they were not paid minimum wage or if they worked in

excess of 40 hours in a week during the liability period, for which

they were not paid the FLSA-required overtime;

C.      Certify the Florida Class as defined in paragraph 52, above,

pursuant to Fed. R. Civ. P. 23(b)(3).

D.      Declare and find that the Defendants committed one or more of the

following acts:

1.      Violated overtime provisions of the FLSA by
failing to pay minimum wages or overtime wages to
Plaintiffs and similarly situated persons who opt
into this Action;

2.      Willfully violated minimum wage and overtime
provisions of the FLSA;

3.      Willfully withheld earned commissions;

E.      Award compensatory damages to the Plaintiffs including all minimum wage and overtime compensation owed, in an amount according to proof;

F.      Award interest on all overtime compensation due accruing from the date such amounts were due until paid;

G.      Order Defendants to disgorge all unpaid and overtime commissions to plaintiffs;

H.      Award all reasonable costs and attorney's fees incurred in prosecuting this Action;

I.      Grant leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by this honorable  Court; and

J.      Provide such other and further relief as this honorable Court deems just and equitable under the circumstances.

**<u>PLAINTIFFS DEMAND A JURY TRIAL ON ALL ISSUES SO TRIABLE</u>**

DECEMBER 12, 2011      ALAN C. KAUFFMAN & ASSOCIATES
4400 N. FEDERAL HIGHWAY, SUITE 122
BOCA RATON, FL 33431
TELEPHONE: (561) 361-7500; FAX; (561) 361-7287
EMAIL:  akauffman@acklawfirm.com

By:_____ s/s Alan C. Kauffman_____
       ALAN C. KAUFFMAN
       Florida Bar No.: 495042


         -- AND --

THE LAW OFFICE OF ABRAHAM RAPPAPORT
3774 N.W. 3RD AVENUE
BOCA RATON, FL 33431
TELEPHONE: (954) 609-5823; FAX (954) 697-0916
EMAIL: rapplaw@yahoo.com

By:  s/s    Abraham Rappaport_____
       ABRAHAM RAPPAPORT
       Florida Bar No.: 163211