UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-81344-CIV-HURLEY

**KERRY SACHS, RICHARD MACHT,
AARON GORDON, ADAM PATTERSON,
PAUL RICHARD, RICHARD WAXMAN,
GARY DOTY and BLAKE H. RYAN,**
individually and on behalf of all others similarly situated,
    plaintiffs,

vs.

**BANKERS LIFE & CASUALTY CO., and
SCOTT R. PERRY,** individually and in his capacity as
President of Bankers Life and Casualty Company,
    defendants.

_____/

**MEMORANDUM OPINION AND ORDER TRANSFERRING
ACTION TO NORTHERN DISTRICT OF ILLINOIS & CLOSING FILE**

**THIS CAUSE** is before the court on Defendants' motion to dismiss for improper venue or in the alternative to transfer [DE # 22]. For reasons discussed below, the court has determined to grant the motion to transfer and deny the motion in all other respect.

**Preface**

Plaintiffs, insurance agents in Palm Beach County, Florida, sue their former employer, Bankers Life & Casualty Company ("Bankers"), in a putative class action alleging that Bankers intentionally misclassified its insurance agents as independent contractors rather than employees and failed to pay employee benefits in violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq* and Florida's Minimum Wage Act (FMWA), §448.10, Florida Statutes.

The relationship between each individual plaintiff and Bankers was governed by an "Agent Contract." It is undisputed that the Agent Contract in each instance contained the following

provision [DE# 22-1] :

> Venue for any action between the parties arising under this Contract shall be in a court located in Chicago, Cook County, Illinois.

The contract further classifies the insurance agents as independent agents and independent contractors, and expressly disclaims an employer- employee relationship.

Bankers argues that the relationship between the parties is governed by this contract and that the forum selection provision requires plaintiffs to file and litigate their claims in a forum located in Chicago, Cook County, Illinois. Accordingly, Bankers seeks dismissal of the action for improper venue under Fed. R. Civ. P. 12(b)(3), or alternatively, a transfer based on improper venue to the United States District Court for the Northern District of Illinois pursuant to 28 U. S. C.§ 1404(a).

## Standard of Review

A challenge to venue based upon a forum selection clause is appropriately brought as a motion to dismiss the complaint under Fed. R. Civ. P. 12 (b)(3). *Lipcon v. Underwriters at Lloyds, London,* 148 F.3d 1285, 1290 (11th Cir. 1998); *Liles v. Ginn-La West End, Ltd.,* 631 F.3d 1242 (11th Cir. 2011). In deciding a motion to dismiss for improper venue, the court must take all allegations in the complaint as true unless contradicted by the defendant's affidavits. When an allegation is so challenged, the court may examine facts outside of the complaint to determine whether venue is proper. *Cantley v Ducharme,* 2011 WL 611623 (S.D. Fla. 2011), citing *Wai v Rainbow Holdings,* 315 F. Supp. 2d 1261 (S.D. Fla. 2004).

In determining the propriety of transfer under Section 1404(a), the court should consider the "convenience of the parties and witnesses" and "the interest of justice," with a choice of forum clause operating as "a significant factor that figures centrally in the district court's calculus."

P *& S Business Machines, Inc.  v. Canon USA, Inc.*, 331 F.3d 804 (11th Cir. 2003), quoting *Stewart Org., Inc. v.  Ricoh Corp*, 487 U.S. 22, 29, 108 S. Ct. 2239, 101 L.  Ed. 2d  22 (1988).  "[W]hile other factors might conceivably militate against a transfer ... the venue mandated by a choice of forum clause rarely  will be outweighed by other 1404(a) factors." *Id*.  *See also In re Segal*, 2011 WL 1582517 (11th Cir. 2011)(unpub).

While it is true that in the ordinary motion for transfer under section 1404(a), the burden is on the movant to show that the suggested  forum is more convenient, this burden of  persuasion shifts where the parties have entered into a contract containing a valid,  reasonable choice of forum provision.  In this situation,  the burden falls on the party opposing the enforcement of the forum selection clause "to show that the contractual forum is sufficiently inconvenient to justify  retention of  the dispute." *P & S Business Machines* at 807.  Ultimately, when a court enforces a contractual forum, it is not limiting "the plaintiff's usual right to choose its forum, but is enforcing the forum that the plaintiff has already chosen." *Id.*

## Discussion

A forum selection  clause can only be invalidated on a showing of a "bad faith motive," i.e. where the forum was chosen as a "means of discouraging [parties ] from pursing legitimate claims." *Carnival Cruise  Lines Inc. v. Shute*, 499 US  585, 595 (1991), 111 S. Ct. 1522.

Here, where Bankers is headquartered in Chicago, Illinois, and most  of policy-making employees responsible for classification of agents, including defendant Perry, are located in that forum, the court finds no suggestion that  Bankers chose  this forum to prevent parties from pursuing legitimate  claims, and thus finds no  evidence of fraud or  bad faith motive sufficient to invalidate the forum selection clause.

3

Plaintiffs nevertheless assert that the forum selection clause cannot be given effect because it is included within a contract that is itself unlawful and unenforceable as a matter of law as one contrary to the public policy underpinning the FLSA and FMWA. However, a forum selection clause operates as a separate contract that is severable from the agreement in which it is contained and is enforceable, as long as the forum selection clause itself was not included in the contract because of fraud. *Rucker v. Oasis Legal Finance LLC,* 632 F.3d 1231 (11th Cir. 2011). In this case, the court finds no evidence that forum selection clause was included because of fraud or other improper purpose.

Thus finding the clause to be valid, the court next finds that it should be enforced because plaintiffs have not met their burden of establishing that the contractual forum - Chicago, Illinois - is sufficiently inconvenient to justify retention of the dispute. From the record available to this court, it appears that the Agent Contracts were freely and fairly negotiated between experienced business professionals. Further, plaintiffs do not contend Bankers engaged in fraud, duress misrepresentation or other misconduct in inducing the agents to sign the contracts.

Plaintiffs claim that forcing them to litigate their claims in Illinois will "to some extent" "prematurely legitimatize" the contracts that plaintiffs contend are unlawful, and would further defeat the social policy underpinning the Florida statutory class action schemes. However, plaintiffs show no logical basis for the implied suggestion that Illinois courts are any less incapable of divorcing an evaluation of the legitimacy of the forum selection clause from the validity of the remaining portions of the contract. Further, plaintiffs make no showing that different substantive law would apply if this case is heard in Illinois, and consequently do not meet their heavy burden of showing that enforcement of the forum selection provision would contravene Florida's strong

public policy of protecting Florida residents from predatory wage practices.

In short, plaintiffs do not show that this case presents any exceptional circumstances which which would warrant refusing to enforce the choice of forum provision in the contractual agreements between the parties.  Under binding precedent from the Eleventh Circuit Court of Appeals and the United States Supreme Court, this court is therefore obligated to enforce this distinct term of the parties' agreements.

It is accordingly **ORDERED AND ADJUDGED :**

1.  The defendants' motion to dismiss for improper venue or in the alternative to transfer is **GRANTED** to the extent that it seeks transfer of this case to the United States District Court for the Northern District of Illinois.  The motion is **DENIED** in all other respects.

2.  The clerk shall **TRANSFER** this case to the United States District Court for the Northern District of Illinois, **CLOSE** this file and **DENY** any all pending motions as **MOOT.**

3.  This order of transfer does not preclude the parties from proceeding with voluntary mediation before Magistrate Judge Dave Lee Brannon, as previously elected, should the parties so choose.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida this 24th day of May, 2012.

_____
Daniel T. K. Hurley
United States District Judge

cc.  All counsel
     Magistrate Judge Dave Lee Brannon